**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DERECK MCKINNIE,** | Civ. No. 13-7290 (KM)(MAH) |
| **Plaintiff,** | |
| | **OPINION** |
| **v.** | |
| **HUDSON COUNTY PROSECUTOR OFFICE et al.,** | |
| **Defendants.** | |

Plaintiff Derrick McKinnie has filed a complaint in this Court. The Complaint, however, does not describe any wrongdoing on the part of the defendants; it merely lists the defendants and the titles of the causes of action. Several defendants have filed two motions to dismiss under FED. R. CIV. P. 12(b)(6). These motions will be granted; the Complaint will be dismissed without prejudice to the filing of an amended complaint within 45 days.

**IMPORTANT NOTICE TO THE PLAINTIFF**

1.      Any amended complaint must contain a statement of the facts underlying your claim, and state how *each* defendant violated your rights as to each of your claims.  You may wish to consult the Court's Procedural Guide for Pro Se Litigants, available at www.njd.uscourts.gov/sites/njd/files/ProSeGuide.pdf

2.      Certain defendants have filed a motion stating that they were never properly served with the complaint. They are:  Hudson Vicinage of the State of New Jersey Judiciary (improperly pleaded as "Superior Court of N.J. Hudson

1

County Chancery Div."), Priscila Pender (improperly pleaded as "Priscilla Syeriek Pender"), Michelle Field, Michelle Vicari, and Miguel Torres (improperly pleaded as "Migule Torres"). These defendants, associated with the Judiciary, cannot be served through the County Prosecutor's Office. If you file an amended complaint, you should make certain that these defendants have been served properly.

## DISCUSSION

Federal law requires the complaint in a civil lawsuit to provide a certain minimum level of detail about what the plaintiff alleges the defendant to have done. At a minimum, the complaint must contain

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief

FED. R. CIV. P. 8(a). McKinnie's complaint falls short of providing the first two of these elements.

The complaint here contains no recitation of facts at all. Indeed, it contains hardly any full sentences. The first page of the complaint is a list of several "Ground[s] for Legal Action,"

1. Violation of Fourteen Amendment Of the U.S. Constitution
    a. Equal Protection Clause
    b. Due Process Clause
2. Breach of Trust
3. Duty
4. Misrepresentation
5. Fraud
6. Negligence
7. Harm

(Compl., 1).

The following two pages consist of a lengthy list of the names, titles, and addresses of individual and institutional defendants. (Compl., 2-3). The next

three pages are all titled "Cause Of Action: Discovery." Each contains what appears to be a table of contents, referring to page numbers where attached exhibits may be found. *See* Dkt. No. 1-1. Some of these exhibits appear to be filings or decisions from prior state and federal court proceedings; others are documents related to a real property purchase. The complaint, however, makes no attempt to explain what allegations of wrongdoing these exhibits support.

The seventh page of the complaint is titled "Jurisdiction." It contains, not a statement of the Court's jurisdiction, but a list of places. Following that is a list of persons, but not the same list of persons named as defendants earlier.

The final page of the complaint, titled "Demand," requests $8.861 million in relief.

A complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). This complaint does not. It contains no factual allegations at all. It does not state what the defendants allegedly did. It contains no dates. The list of "legal actions" on the first page of the Complaint (for instance, "Due Process Clause") does not, without any supporting facts, make out any claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). A defendant or court reading McKinnie's complaint would have little, if any, idea what he is alleging. The complaint must therefore be dismissed.[1]

This dismissal, however, is without prejudice. Within 45 days, McKinnie may revise his complaint to comply with the requirements of Fed. R. Civ. P. 8(a) and file a proposed amended complaint. Because I am dismissing this complaint as to all defendants, I will administratively terminate the motion of

---

[1]     There is a reference to an earlier complaint, *McKinnie v. Miller*, No. 09-cv-3293. (Dkt No. 1-1, 1 ("[The Court has] original document in Civil #209-CV-3293"). That complaint appears to allege two causes of action: 1) that two attorneys defrauded McKinnie into paying the down payment on a house by telling him he would be an "undisclosed owner." (Miller Compl., 5); and 2) that one individual committed "Welfare Fraud." (Miller Compl., 6). That complaint was dismissed for lack of federal jurisdiction. (Case No. 09-cv-3293, Dkt. Nos. 4, 12).

several defendants to dismiss based on improper service; unless plaintiff files
an amended complaint, this motion is moot.

A separate order will issue.


Dated April 6, 2015
Newark, New Jersey


KEVIN MCNULTY
United States District Judge