<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DERECK MCKINNIE,** | Civ. No. 13-7290 (KM)(MAH) |
| **Plaintiff,** | |
| v. | OPINION |
| **HUDSON COUNTY PROSECUTOR OFFICE et al.,** | |
| **Defendants.** | |

**Background**

This civil rights complaint, filed by Dereck McKinnie, *pro se,* arises primarily from a family dispute over real property in Jersey City, a dispute which gave rise to state and federal court litigation. I have already filed an Opinion ("Op.," ECF no. 48) and Order (ECF no. 49) granting unopposed motions to dismiss filed by various defendants. Familiarity with that prior opinion is assumed. Now before the court is the motion (ECF no. 51) of another defendant, Victor G. Sison, Esq., to dismiss the Amended Complaint ("AC", ECF no. 31). No opposition has been filed. I nevertheless consider the arguments of the motion in light of all prior filings in the case. For the reasons stated below, Sison's motion will be granted.

McKinnie sued his relatives Byron and Rethel McKinnie in Superior Court, Hudson County, No. HUD-C-128-12, over ownership of the Jersey City property. *See* ECF no. 1-1 at 40–55 (various papers, apparently from that action). In that action, Dereck McKinnie was represented by Gerald Miller, Esq. I considered and granted the motion to dismiss the complaint filed by Miller.

1

(Op. at 15–18) The Complaint alleges that Miller advised McKinnie that he might recover ownership of the property, or at least recover amounts expended for work on the house. It refers to Miller's obtaining a $20,000 settlement and release form, which McKinnie did not sign.

Defendant Victor Sison, Esq., represented the defendants in the action over the property. The Complaint alleges that Sison gave false information in court and in court documents. (AC at p. 35) The outcome of the case is not stated; an online search confirms the existence of the case, but gives no disposition and states only that the case has been archived. http://njcourts.judiciary.state.nj.us (Civil Case Public Access).

The causes of action do not specify the particular defendants against whom they are directed. They include (1) violations of due process and equal protection; (2) 42 U.S.C. § 1983; (3) disability discrimination; (4) breach of trust; (5) duty; and (6) negligence.

**Standard on Motion to Dismiss**

The defendants move to dismiss the Amended Complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Lack of subject matter jurisdiction may be raised at any time. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999). Rule 12(b)(1) challenges may be either facial or factual attacks. *See* 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa*, 67 F. Supp. 2d at 438. A court considering such a facial challenge assumes that the allegations in the complaint are true, and may dismiss the complaint only if it nevertheless appears that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. *Cardio–Med. Assoc., Ltd. v. Crozer–Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983); *Iwanowa*, 67 F. Supp. 2d at 438. A factual attack may involve the court's receipt of evidence.

The defendants also move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011).

At a minimum, a complaint must contain

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief

FED. R. CIV. P. 8(a).

From the seminal modern cases of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Third Circuit has extracted a three-step process for reviewing a complaint:

> To determine whether a complaint meets the pleading standard, our analysis unfolds in three steps. First, we outline the elements a plaintiff must plead to a state a claim for relief. See [*Iqbal*, 556 U.S.] at 675; *Argueta*, 643 F.3d at 73. Next, we peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth. See *Iqbal*, 556 U.S. at 679; *Argueta*, 643 F.3d at 73. Finally, we look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *Argueta*, 643 F.3d at 73. This last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

*Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). The complaint's allegations must be factual, not conclusory, and they must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

3

**Discussion**

Sison, as defense counsel in the state lawsuit, essentially adopts the arguments of defendant Gerald Miller, plaintiff's counsel in the state lawsuit, from the prior motion to dismiss. (*See* Motion of defendant Gerald D. Miller, Esq., pursuant to Fed. R. Civ. P. 12(b)(1) and (b) (6), to dismiss the Amended Complaint for lack of jurisdiction and failure to state a claim (ECF no. 34).) He cites the "policy of comity" and the New Jersey Rules of Court, grounds which I do not consider applicable. Nevertheless, I find that the complaint should be dismissed as against Sison.

The initial basis for dismissal is jurisdictional. One potential basis for federal jurisdiction is the presentation of a claim arising under federal law. *See* 28 U.S.C. § 1331. That claim, however, must be "colorable"; an "insubstantial" claim is not sufficient to confer federal-question jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 & n. 10, 126 S. Ct. 1235, 1244 & n.10 (2006), Counts 1, 2, and 3 cite federal law: specifically, the equal protection and due process clauses of the U.S. Constitution, 42 U.S.C. § 1983, and disability discrimination.

A constitutional or § 1983 claim requires state action, *i.e.*, action by or behalf of some governmental entity. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *W. v. Atkins*, 487 U.S. 42, 49, 108 S. Ct. 2250, 2255 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326, 61 S. Ct. 1031, 1043 (1941)). Sison is a private attorney, not a government actor. *See Singh v. Harrison*, 412 F. App'x 430 (3d Cir. 2011) (upholding dismissal of § 1983 claim because private attorney not state actor).[1]

---

[1] *See also Love v. Law Office of Roberts*, No. 11-4500, 2011 WL 4916196, at *2 (D.N.J. Oct.17, 2011) ("As a private attorney, Defendant Roberts is not a state actor for purposes of § 1983.") (*citing Polk Cnty. v. Dodson*, 454 U.S. 527, 535 (1981); *Steward v. Meeker*, 459 F.2d 669 (3d Cir.1972); *Thomas v. Howard*, 455 F.2d 228 (3d Cir.1972)); *Catanzaro v. Collins*, No. 09-0922, 2010 WL 1754765, at *8 (M.D. Pa. Apr. 27, 2010) ("Private attorneys and public defenders are generally not considered state

The due process and equal protection clauses, as well as § 1983, are protections against government action, not sources of claims between private parties.

As for disability discrimination, [2] no relevant facts are pled. The Complaint reveals that had suffered a heart attack and a leg injury. The nature of any alleged actionable discrimination by Sison, however, is not stated.

Claims 1, 2, and 3 are so devoid of support that they fail to set forth a colorable basis for federal question jurisdiction. They must be dismissed under Rule 12(b)(1). Even assuming they passed that jurisdictional threshold, however, they would be dismissed for failure to state a claim under Rule 12(b)(6). They simply fail to meet the *Twombly/Iqbal* standard of stating facts sufficient to make out a plausible claim of a constitutional or federal statutory violation.

Claims 4, 5, and 6 are state law claims that are difficult to relate to Sison at all. As to these, the claimed basis for this court's subject matter jurisdiction may be diversity of citizenship. The relevant portion of the diversity statute provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a). *See also Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting statute).

To be a "citizen" of a state is not merely to be a resident of that state, or to receive mail there. For purposes of diversity jurisdiction, citizenship is synonymous with domicile, and "the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which,

---

actors for § 1983 purposes when acting in their capacities as attorneys.") (citing *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir.1999) (citing *Polk Cnty, supra*)), aff'd by 447 F. App'x 397 (3d Cir.2011) (per curiam).

[2]   I will assume that the reference is to the Americans with Disabilities Act (ADA), which prohibits discrimination in certain kinds of employment, state and local government, public accommodations, commercial facilities, transportation, and telecommunications. *See* 42 U.S.C. § 1201 *et seq.*

whenever he is absent, he has the intention of returning." *Vlandis v. Kline*, 412 U.S. 441, 454, 93 S. Ct. 2230 (1973). Factors relevant to domicile include "declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business." *Krasnov v. Dinan*, 465 F.2d 1298, 1301 (3d Cir.1972) (internal quotation omitted). "Other factors to be considered may include location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration." *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 290 (3d Cir. 2006). "The party asserting diversity jurisdiction [here, plaintiff McKinnie] bears the burden of proof." *Id.* at 286.

Neither party submits affidavits or other proofs as to jurisdiction. I must therefore consider this as a facial challenge to the Complaint. The Complaint does not allege that plaintiff and defendant are citizens of different states. The facts pled in the Complaint seem to suggest otherwise.[3] Nor does the complaint allege an amount in controversy that exceeds $75,000. The actual dollar amounts referred to are a $20,000 settlement offer and a $5,400 payment to Miller.

I will therefore dismiss the claims against Miller for failure to plead federal subject matter jurisdiction. Because this could be a case of inartful pleading by a *pro se* defendant, however, this dismissal will be without prejudice to the filing of a Second Amended Complaint that alleges, *with specificity,* that plaintiff McKinney is a citizen of a state different from that of

---

[3] On the docket, plaintiff has listed a mailing address in Auburn, New York. That is not a substitute for an allegation of citizenship. McKinnie sues, not just Sison, but a host of other defendants. "For over two hundred years, the [diversity jurisdiction] statute has been understood as requiring 'complete diversity between all plaintiffs and all defendants.'" *Lincoln Ben. Life. Co.*, 800 F.3d at 104. "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). As to common law claims, diversity would require that McKinnie be a citizen of a different state from *all* defendants.

the defendants against whom he asserts diversity-based state law claims, and that the amount in controversy exceeds $75,000.[4]

I also add that if I had jurisdiction, I would dismiss the allegations of Counts 4, 5, and 6 for failure to state a claim. *See Iqbal, supra; Twombly, supra*. What Sison supposedly did wrong, when he did it, or how he did it, cannot be gleaned from the complaint. The idea seems to be that, as attorney for the opposing party, he took positions with which Dereck McKinnie disagrees. That is not enough to set forth the basis of a claim. The dismissal on these alternative grounds is likewise without prejudice to the filing of a Second Amended Complaint.

## CONCLUSION

For the foregoing reasons, the motion to dismiss the Amended Complaint filed by defendant Victor G. Sison, Esq., is GRANTED and as to Sison, the Amended Complaint is DISMISSED WITHOUT PREJUDICE to the filing, within 30 days, of a Second Amended Complaint that remedies the defects identified herein.

Dated: November 7, 2016
Newark, New Jersey

KEVIN MCNULTY
United States District Judge

---

[4] I also note that, because the federal allegations have been too insubstantial to survive a motion to dismiss, I would not exercise supplemental jurisdiction under 28 U.S.C. § 1367.

7